IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
FEB 24 2012
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

WILLIAM RANDOLPH GRANDISON, )
)
    Petitioner, )
)
v. )   Civil Action No. 3:11CV348–HEH
)
HAROLD W. CLARKE, )
)
    Respondent. )

## MEMORANDUM OPINION
(Granting Motion to Dismiss 28 U.S.C. § 2254 Petition)

William Randolph Grandison, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). In his § 2254 Petition, Grandison makes the following eight claims:

> Claim One   Trial counsel acted deficiently by failing to object to Grandison's indictment for a second offense when Grandison had yet to be sentenced for his first offense. Appellate counsel acted deficiently by failing to raise this issue on appeal.
>
> Claim Two   Trial counsel acted deficiently by failing to object that the jury's verdict did not name Grandison specifically. Appellate counsel acted deficiently by failing to raise this issue on appeal.
>
> Claim Three   Trial counsel acted deficiently by failing to object to the jury's verdict on the ground that Grandison's April 25, 2007 conviction for possession of cocaine with intent to distribute could not serve as a predicate offense for attempted possession of cocaine with intent to distribute (second offense). Appellate counsel acted deficiently by failing to raise this issue on appeal.

| | |
|---|---|
| Claim Four | Trial counsel acted deficiently by failing to object to the introduction of evidence found in Sawyer's car during the Commonwealth's case-in-chief against Grandison. Appellate counsel acted deficiently by failing to raise this issue on appeal. |
| Claim Five | Trial counsel acted deficiently for not objecting when the sentencing judge added a $100.00 fine to the verdict authorized by the jury. Appellate counsel acted deficiently by failing to raise this issue on appeal. |
| Claim Six | Trial counsel acted deficiently by not objecting when the trial judge began discussing jury instructions outside of Grandison's presence. Appellate counsel acted deficiently by failing to raise this issue on appeal. |
| Claim Seven | The trial court erred when it found sufficient evidence to convict Grandison of attempted possession of cocaine with intent to distribute. |
| Claim Eight | The trial court erred by instructing the jurors that the trial judge could alter the jury's sentence. |

Respondent moves this Court to dismiss the § 2254 Petition on the grounds that Claims One thorough Seven lack merit and Claim Eight is procedurally defaulted. Grandison has not replied. The matter is ripe for judgment.

## I. PROCEDURAL HISTORY

On February 6, 2008, a Grand Jury of the Circuit Court of the City of Norfolk, Virginia ("Circuit Court") indicted Grandison for "possess[ion], with intent to distribute, cocaine . . . after having previously been convic[t]ed of a like offense involving a violation of § 18.2–248 of the Va. Code."[1] *Commonwealth v. Grandison,*

---

[1] On April 25, 2007, the Circuit Court of the City of Virginia Beach, Virginia convicted Grandison for "Manufacture, Sell, Distribute or Possess a Controlled Substance with Intent to

2

No. CR08000571-00, Cir. Ct. R. 1 (Va. Cir. Ct. filed Feb. 6, 2008). On February 20, 2009 a Circuit Court jury convicted Grandison of Attempted Possession of Cocaine with Intent to Distribute (Second Offense).[2] *Commonwealth v. Grandison*, No. CR08000571-00, at 46 (Va. Cir. Ct. May 1, 2009). The jury fixed Grandison's punishment at ten years imprisonment but did not impose a fine. (*Id.* at 47.) On May 1, 2009, the Circuit Court sentenced Grandison to ten years imprisonment with three years suspended and imposed a $100.00 fine.[3] (*Id.* at 49.)

Grandison appealed the Circuit Court's decision on the grounds of insufficiency of the evidence at trial and jury instruction error. The Court of Appeals of Virginia denied Grandison's petition for appeal on October 21, 2009, finding that there was sufficient evidence to support his conviction and that his claim of jury instruction error was procedurally defaulted. *Grandison v. Commonwealth*, No. 1159-09-1 (Va. Ct. App. Oct. 21, 2009). On March 31, 2010, the Supreme Court of Virginia refused Grandison's petition for appeal. *Grandison v. Commonwealth*, No. 092133 (Va. Mar. 31, 2010).

Thereafter, Grandison filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. In that petition, Grandison raised the same six ineffective assistance of

---

Manufacture, Sell or Distribute" in violation of § 18.2-248 of the Code of Virginia. *Commonwealth v. Grandison*, No. CR07-319 (Va. Cir. Ct. Dec. 19, 2007).

[2] The verdict form, signed by the jury foreperson, states: "We the jury find the defendant guilty of Attempted Second Offense Possession of Cocaine With the Intent to Distribute, a lesser included offense." (Cir. Ct. R. 46.)

[3] On December 28, 2010, the Circuit Court, finding that "the Court was without authority to add a fine to [Grandison's] sentence after the jury fixed the sentence at incarceration and no fine," vacated the portion of the May 1, 2009 sentencing order imposing the $100.00 fine. *Commonwealth v. Grandison*, No. CR 08000571-00, at 2 (Va. Cir. Ct. Dec. 28, 2010).

3

counsel claims he raises here in Claims One through Six. The Supreme Court of Virginia dismissed Grandison's habeas petition on July 21, 2011. *Grandison v. Dir. Dep't Corr.*, No. 101936, at 8 (Va. July 21, 2011).

## II. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v.*

4

*Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## III. TRIAL COURT ERRORS

### A. Insufficient Evidence for Conviction

In Claim Seven, Grandison asserts that there was insufficient evidence for the jury to find him guilty of attempted possession of cocaine with intent to distribute, second offense. (Mem. Supp. § 2254 Pet. 20–21.) In evaluating a § 2254 claim of insufficient evidence, the relevant question for this Court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Further, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. The standard of review for § 2254 petitions set forth by the Supreme Court in *Jackson* is designed to give sufficient deference to the trier of fact, here, the Circuit Court jury. 443 U.S. at 319. The trier of fact witnesses testimony and resolves conflicts of credibility. *Id.*

The Court of Appeals of Virginia aptly summarized the evidence considered by the Circuit Court jury, the trier of fact in this case:

> [T]he evidence proved that on June 14, 2007, police were alerted that a possible drug transaction was taking place in a parking lot. The police responded to the scene and encountered [Grandison] in the passenger seat of a parked car. Ernest Sawyer was in the driver's seat of the car. Detective William Gibson saw [Grandison] look at him and then reach

> down towards the floorboard of the car. The police located approximately one thousand dollars and sixty-three grams of crack cocaine in the center console of the car. More cash was located on the passenger side floorboard. A digital scale dropped from Sawyer's lap as he exited the car. [Grandison] carried over five hundred dollars on his person. [Grandison] claimed that he had previously worked for the police conducting controlled drug purchases and that he was in the car attempting to set up a drug deal. He denied knowing there was cocaine in the car at that time. However, he also testified that he planned to purchase a "test" gram of cocaine from Sawyer in order to set Sawyer up for a later, larger controlled drug purchase. Investigator Rudy Garrara confirmed [Grandison] had previously worked with the police but also testified [Grandison] was not authorized on that day to purchase any cocaine and was not involved in the surveillance of Sawyer. [Grandison] acknowledged knowing he was not permitted to conduct drug purchases on his own.
>
> . . . .
>
> In this case, [Grandison] admitted at trial that he sought to purchase one gram of cocaine from Sawyer as a "test." [Grandison] was in possession of a large sum of cash at the time of his arrest and there was a large quantity of cocaine in the car. [Grandison's] statements and actions support the jury's conclusion that he attempted to purchase cocaine with the intent to distribute it. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Grandison] was guilty of attempted possession of cocaine with the intent to distribute, second offense.

*Grandison v. Commonwealth*, No. 1159-09-1, at 1-3 (Va. Ct. App. Oct. 21, 2009).

Reviewing the evidence and credibility determinations "in the light most favorable to the prosecution," the Court determines that a rational juror "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

Accordingly, Claim Six will be dismissed.

### B. The Circuit Court Judge Improperly Responded to a Question from the Jury

In Claim Eight, Grandison asserts that the Circuit Court judge erred by responding "'yes'" to the jury's question, "'If we give [Grandison] ten years, can you change the

6

time?'" (Mem. Supp. § 2254 Pet. 21.) Respondent argues that Claim Eight is procedurally defaulted. (Mem. Supp. Mot. Dismiss 20.) Grandison presented Claim Eight to the Court of Appeals of Virginia on direct appeal. As explained below, the Court of Appeals of Virginia rejected this claim due to an adequate and independent state procedural rule and, thus, Claim Eight is defaulted.

### 1. Procedural Default

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). Whether a rule is adequate and independent is a question of federal law. *Henry v. Mississippi*, 379 U.S. 443, 447 (1965). A state procedural rule is adequate "only if it is a 'firmly established and regularly followed state practice.'" *Keel v. French*, 162 F.3d 263, 268 (4th Cir. 1998) (quoting *James v. Kentucky*, 466 U.S. 341, 348–49 (1984)). A rule "is independent if it does not 'depend[ ] on a federal constitutional ruling.'" *Burket v. Angelone*, 208 F.3d 172, 183 (4th Cir. 2000) (alteration in original) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

Here, in rejecting Claim Eight on direct appeal, the Court of Appeals of Virginia stated:

> [Grandison] failed to present [Claim Eight] to the trial court. [The Court of Appeals of Virginia] will not consider an argument on appeal that was not

7

presented to the trial court. Accordingly, Rule 5A:18[4] bars our consideration of this question on appeal. Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

*Grandison*, No. 1159-09-1, at 3 (internal citation omitted) (citing *Ohree v. Commonwealth*, 494 S.E.2d 484, 488 (Va. Ct. App. 1998); Va. Sup. Ct. R. 5A:18). Rule 5A:18, commonly known as the "contemporaneous objection rule," qualifies as an adequate and independent state procedural rule for the purposes of procedural default. *Weeks v. Angelone*, 176 F.3d 249, 270 (4th Cir. 1999); *Makdessi v. Watson*, 682 F. Supp. 2d 633, 650 (E.D. Va. 2010) ("Rule 5A:18 constitutes an adequate and independent ground for denying a claim." (citing *Clagett v. Angelone*, 209 F.3d 370, 378 (4th Cir. 2000))). Accordingly, Claim Eight is procedurally defaulted.

### 2.  Obtaining Review Despite Default

This Court may review a petitioner's procedurally defaulted claims if the petitioner establishes either cause and prejudice or actual innocence. *Breard*, 134 F.3d at 620. Nevertheless, because Grandison does not assert any basis for excusing his default, Claim Eight will be dismissed. *See Burket*, 208 F.3d at 183 n.10 (stating that petitioners bear the responsibility of asserting cause and prejudice and/or actual innocence).

---

[4] The 2009 version of Rule 5A:18 states:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

Va. Sup. Ct. R. 5A:18 (West 2009).

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a petitioner must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Ineffective Assistance at Trial

#### 1. Failure to Object to the Indictment

In Claim One, Grandison claims that trial counsel deficiently failed to object to the indictment's characterization of Grandison's crime as a second offense. Grandison argues that, because the date of offense on the indictment was June 14, 2007 and he was not sentenced for his first offense until December 19, 2007, the indictment wrongly charged him with a second offense. (Mem. Supp. § 2254 Pet. 4.) However, though the Circuit Court of the City of Virginia Beach did not sentence Grandison until December

19, 2007, it convicted Grandison for violating § 18.2-248 of the Code of Virginia on April 25, 2007. *Commonwealth v. Grandison*, No. CR07-319 (Va. Cir. Ct. Dec. 19, 2007). The Circuit Court indicted Grandison for a violation of § 18.2-248 occurring on June 14, 2007—almost two months after his conviction for violating § 18.2-248 in the Circuit Court of the City of Virginia Beach. (Cir. Ct. R. 1.) Thus, the Circuit Court properly indicted Grandison for a second violation of § 18.1-248 of the Code of Virginia.[5] Accordingly, counsel had no basis to object to the Indictment on this ground. Because Grandison cannot show deficiency or prejudice, Claim One will be dismissed.

### 2. Failure to Object to the Commonwealth's Evidence

In Claim Four, Grandison asserts that counsel deficiently neglected to object to the admissibility of evidence taken from Sawyer's vehicle. (Mem. Supp. § 2254 Pet. 11.) Grandison, however, does not provide any coherent explanation as to why the Circuit Court should have excluded the drugs and money on constitutional grounds. Moreover, in this case, the Supreme Court of Virginia determined that the Circuit Court properly admitted the evidence found in Sawyer's vehicle. *Grandison*, No. 101936, at 6 ("Trial counsel . . . had no basis upon which to object to the admissible evidence found in [Sawyer's] vehicle."). To grant Grandison relief on this claim, this Court must necessarily disturb the Supreme Court of Virginia's interpretation of Virginia's own laws regarding the admissibility of evidence. "It is beyond the mandate of federal habeas

---

[5] In 2009, the General Assembly of Virginia altered § 18.2-248(C) of the Code of Virginia to include language clarifying that, to be convicted of a second violation of § 18.2-248, the *date of conviction* for the first offense must be prior to the *date of offense* alleged in the indictment for the second offense. Va. Code Ann. § 18.2-248(C) (West 2011). Thus, even under the amended § 18.2-248, the Grand Jury properly indicted Grandison for a second violation of that section.

10

courts . . . to correct the interpretation by state courts of a state's own laws." *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (citing *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)); *see Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ( "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Thus, Grandison cannot establish deficiency or prejudice. Accordingly, Claim Four will be dismissed.

### 3. Failure to Object to Discussion of Jury Instructions

In Claim Six, Grandison asserts that counsel deficiently failed to object to the Circuit Court judge's discussion of jury instructions without Grandison present in the courtroom. The exchange Grandison refers to in Claim Six happened on the morning of February 20, 2009:

| | |
|---|---|
| THE COURT: | This is the abolition of parol[e] and geriatric parole eligibility? |
| [COMMONWEALTH]: | Yes, sir. |
| THE COURT: | I take it you have another instructions [sic] as it relates to punishment if we get to that? |
| [COMMONWEALTH]: | I do. |
| THE COURT: | Okay. Everybody ready as soon as we get the defendant here? |
| [COMMONWEALTH]: | Yes, sir. |
| [DEFENSE COUNSEL]: | I think so, Judge. |

(Feb. 20, 2009 Trial Tr. 198:1–11.)

The Supreme Court of Virginia, in rejecting this claim, determined that this exchange was not part of the "'trial proper'" such that it required Grandison's presence. *Grandison*, No. 101936, at 7 (quoting *Palmer v. Commonwealth*, 130 S.E. 398, 402 (Va. 1925)). The § 2254 Petition and its accompanying Memorandum in Support omit any clear and convincing evidence to rebut the Supreme Court of Virginia's factual finding.[6] *See Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Accordingly, because Grandison has not established deficiency or prejudice, Claim Six will be dismissed.

## B. Ineffective Assistance After the Jury Verdict

### 1. Failure to Object to Jury Verdict

In Claim Two, Grandison argues that, because the Circuit Court jury's spoken verdict did not specifically name him as the guilty party, the jury never found Grandison guilty.[7] (Mem. Supp. § 2254 Pet. 6–7.) Grandison asserts that counsel acted deficiently by not objecting to the verdict on this ground. The Supreme Court of Virginia, however,

---

[6] The Court notes that Grandison also fails to show deficiency or prejudice because the Constitution does not require a defendant's presence at a discussion concerning jury instructions. *See United States v. Gregorio*, 497 F.2d 1253, 1259 (4th Cir. 1974), *overruled on other grounds by United States v. Rhodes*, 32 F.3d 867, 873 (4th Cir. 1994) ( "[Federal] Rule [of Criminal Procedure] 43 [which requires that defendants be present "at every trial stage," Fed. R. Crim. P. 43(a)(2),] does not confer on criminal defendants the right [to] attend a purely legal conference on jury instructions...."); *see also United States v. Perez*, 612 F.3d 879, 882–83 (7th Cir. 2010) (holding that defendant's presence is not required for jury instruction discussions because "[t]he content of jury instructions is a question of law").

[7] The jury's verdict, as reflected by the transcript, stated: "We, the jury, find *the guilty* of attempted second offense possession of cocaine with the intent to distribute, a lesser included offense . . . ." (Feb. 20, 2009 Trial Tr. 239:8–10 (emphasis added).) However, as noted *supra*, Part I n.2, the verdict form, signed by the jury foreperson, states: "We the jury find *the defendant* guilty of Attempted Second Offense Possession of Cocaine With the Intent to Distribute, a lesser included offense." (Cir. Ct. R. 46 (emphasis added).)

found that "[t]he record, including the trial and sentencing transcripts, the felony trial orders, and the jury's verdict form, demonstrates that the jury found [Grandison] guilty of attempted possession with intent to distribute, second offense, and returned a recommended sentence of ten years' imprisonment. . . . Trial counsel, therefore, had no basis upon which to object to [Grandison's] verdict." *Grandison*, No. 101936, at 3. Because Grandison fails to demonstrate deficiency by counsel, Claim Two will be dismissed.

### 2. Failure to Object to Conviction for Second Offense

In Claim Three, Grandison asserts that counsel acted deficiently by failing to object to the jury's characterization of his crime as a second offense. Grandison states that attempted possession with intent to distribute and possession with intent to distribute "are not the same offense." (Mem. Supp. § 2254 Pet. 8 (capitalization corrected).) Thus, Grandison argues, his conviction in the Circuit Court of the City of Virginia Beach for possession with intent to distribute could not serve as a first offense of attempted possession with intent to distribute.

> In reviewing this claim, the Supreme Court of Virginia stated that,
>
> > The jury found [Grandison] guilty of the lesser-included offense of attempting to commit a second offense of possession with intent to distribute. Code § 8.01–257(a) provides, in pertinent part, "Any person who *attempts* to commit any offense defined in this article . . . which is a felony shall be imprisoned for not less than one nor more than ten years . . . ." Trial counsel, therefore, had no basis upon which to object to [Grandison's] conviction.

*Grandison*, No. 101936, at 4–5 (emphasis added; omissions in original). Here, as in Claim Four, to grant Grandison relief this Court must necessarily find that the Supreme

13

Court of Virginia's interpretation of Virginia law is incorrect. Such a finding is impermissible and, thus, Grandison cannot show deficiency or prejudice. *Sharpe*, 593 F.3d at 383 (citing *Cagle*, 520 F.3d at 324); *Estelle*, 502 U.S. at 67–68. Accordingly, Claim Three will be dismissed.

### 3. Failure to Object to the $100.00 Fine

In Claim Five, Grandison asserts that the trial judge impermissibly added a $100.00 fine to the jury's verdict. As previously noted, *supra* Part I n.3, the Circuit Court later vacated the fine. Thus, Grandison cannot show prejudice resulting from counsel's failure to object to the fine. Accordingly, Claim Five will be dismissed.

## V. CONCLUSION

Based on the foregoing, Respondent's Motion to Dismiss will be granted. Grandison's claims will be dismissed and the § 2254 Petition will be denied. The action will be dismissed and a certificate of appealability will be denied.[8]

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Feb 22, 2012
Richmond, Virginia

---

[8] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Grandison has not satisfied this standard. Accordingly, a certificate of appealability will be denied.